IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.

ISLAND SILVER & SPICE, INC.
and GLENN S. SAIGER and
VIRGINIA SAIGER, husband and
wife,

## 04-10097   CIV - KING

                                    Plaintiffs

Vs.

ISLAMORADA, VILLAGE OF ISLANDS,
VILLAGE COUNCIL, ISLAMORADA,
VILLAGE OF ISLANDS, a Florida
municipality, DON HORTON, as
Islamorada Building Official and ED
KOCONIS, as Islamorada Planning &
Development Services Director,

                                    Defendants.

_____/

MAGISTRATE JUDGE
O'SULLIVAN

NIGHT BOX
FILED

OCT - 8 2004

CLARENCE MADDOX
CLERK, USDC/SDFL/FTL

## NOTICE OF REMOVAL

Defendants ISLAMORADA, VILLAGE OF ISLANDS, VILLAGE COUNCIL, DON

HORTON and ED KOCONIS, through their undersigned attorneys, and pursuant to Title 28

U.S.C. §1441 and §1443 files this its Notice of Removal in the above-styled cause, removing

same from the Circuit Court of the 16th Judicial Circuit of Florida, in and for Monroe County,

Florida, where the same is now pending as Case No. 44-2004-CA-431-P, and removing same to

the United States District Court, Southern District of Florida, and in support thereof, states as

follows:

1.      On or about September 22, 2004, Defendants were served with Plaintiffs'

Complaint.  A copy of the Complaint is attached hereto as Exhibit "A."

WEISS SEROTA HELFMAN PASTORIZA GUEDES COLE & BONISKE, P.A.
3107 STIRLING ROAD, SUITE 300, FORT LAUDERDALE, FLORIDA 33312 • TEL. 954-763-4242 • FAX 954-764-7770

2.      The five counts alleged within Plaintiffs' Complaint are as follows.  Count I is a 42 U.S.C. § 1983 action for violations of Equal Protection, Due Process, and the Privileges or Immunities Clause of the Fourteenth Amendment, as well as discrimination and invalid zoning. Count II is an action for Declaratory Relief arising from Plaintiffs' alleged violations of Equal Protection and Due Process secured by the United States and Florida Constitutions.  Count III is an action for Declaratory Judgment arising from Plaintiffs' alleged violation of Equal Protection. Count IV seeks a Writ of Mandamus for Plaintiffs' alleged violations of Equal Protection secured by the United States and Florida Constitutions.  Finally, Count V seeks Injunctive Relief for Plaintiffs' alleged violations of Due Process, Interstate Commerce, Commercial Speech, and the Dormant Commerce Clause.

3.      Plaintiffs' 42 U.S.C. § 1983 claim, as well as their claims under the United States Constitution, against Islamorada is one for which this Court has original jurisdiction pursuant to Title 28 U.S.C. § 1331.   Therefore, this cause is properly removable pursuant to Title 28 U.S.C. §§ 1441 and 1443.

4.      Additionally, Plaintiffs' pendent state law claims for violations for violations of the Florida Constitution are also properly removable under 28 U.S.C. § 1367(a) as this Court has supplemental jurisdiction over all state claims which arise out of a common nucleus of operative facts as the federal claims.  *See Lucero v. Trosch,* 121 F.3d 591 (11th Cir. 1997).

**WHEREFORE,** Defendants respectfully requests that this manner be removed and that this Honorable Court grant such further and additional relief as may otherwise be proper.

WEISS SEROTA HELFMAN PASTORIZA GUEDES COLE & BONISKE, P.A.
3107 STIRLING ROAD, SUITE 300, FORT LAUDERDALE, FLORIDA 33312 • TEL. 954-763-4242 • FAX 954-764-7770

**CERTIFICATION PURSUANT TO 28 U.S.C. § 1446(a) AND RULE 11**

Defendants, by and through the undersigned attorneys, certify that the Notice of Removal has been signed in accordance with Federal Rules of Civil Procedure Rule 11 and 28 U.S.C. § 1446(a), and certifies that the above cause is removable from the Circuit Court of the 16th Judicial Circuit in and for Monroe County, Florida, where same is now pending as Case No. 44-2001-CA-P to the United States District Court for the Southern District of Florida, and further verifies that the statements made above in the body of the Notice of Removal are true and correct to the best of the undersigned counsel's knowledge and belief.

Respectfully Submitted,

_____
HARRIET R. LEWIS
FLA. BAR NO. 331015

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been sent by facsimile and U.S. Mail this ____ day of October, 2004 to John A. Jabro, Esq., 90311 Overseas Highway, Tavernier, FL 33070.

WEISS SEROTA HELFMAN PASTORIZA
GUEDES COLE & BONISKE, P.A.
Attorneys for Defendant, Islamorada
3107 Stirling Road, #300
Fort Lauderdale, FL 33312
Telephone: (954) 763 4242
Facsimile: (954) 764 7770

By: _____
HARRIET R. LEWIS
FLA. BAR NO. 331015

3

IN THE CIRCUIT COURT OF THE SIXTEENTH JUDICIAL CIRCUIT
IN AND FOR MONROE COUNTY, FLORIDA

ISLAND SILVER & SPICE, INC.,
and GLENN S. SAIGER and
VIRGINIA S. SAIGER,                    CASE NO: 44-2004-CA-431-P
husband and wife,

               Plaintiffs,

v.

ISLAMORADA, VILLAGE OF ISLANDS,
VILLAGE COUNCIL, ISLAMORADA, VILLAGE
OF ISLANDS, a Florida municipality,
DON HORTON, as Islamorada Building Official,
and ED KOCONIS, as Islamorada
Planning & Development Services Director,

               Defendants.

_____/

## COMPLAINT FOR WRIT OF MANDAMUS, INJUNCTIVE RELIEF, DECLARATORY RELIEF AND DAMAGES

Plaintiffs, ISLAND SILVER & SPICE, INC., a Florida

corporation, and GLENN S. SAIGER and VIRGINIA S. SAIGER,

husband and wife (collectively, "Plaintiffs"), by and through their

undersigned counsel, file this Complaint for Writ of Mandamus,

Injunctive Relief, Declaratory Relief and Damages, seeking equitable

relief and damages against Defendants, ISLAMORADA, VILLAGE OF

ISLANDS, VILLAGE COUNCIL, and ISLAMORADA, VILLAGE OF

ISLANDS, a municipality organized and existing under the laws of the

State of Florida, and the issuance of a Writ of Mandamus directed to

Defendants, DON HORTON, in his official capacity as Islamorada

Building Official, and ED KOCONIS, in his official capacity as

Islamorada  Planning & Development Services Director.  As grounds

therefore, Plaintiffs state:



## JURISDICTION

1.     This Complaint for Writ of Mandamus is sought pursuant to Section 5 (b), Article V of the Constitution of the State of Florida, seeking to require Defendants, DON HORTON and ED KOCONIS, (collectively "Individual Defendants") in their respective official capacities, to apply and enforce a municipal ordinance as prayed for herein. The Court has jurisdiction to issue a Writ of Mandamus pursuant to Florida Rule of Civil Procedure 1.630, to command Defendants, as officials of a political subdivision of the State of Florida to perform their duty to apply and enforce Ordinance No. 02-02 of the Village of Islamorada Municipal Code.

2.     This is an action against for damages, which exceed $15,000.00, and is otherwise within the legal and equitable jurisdiction of this Court. The complaint for damages which arises from Defendants' past violations of the United States Constitution, is brought pursuant to 42 U.S.C. 1983.

## PARTIES

3.     Plaintiff, ISLAND SILVER & SPICE, INC., is a Florida corporation and a "person" for purposes of the equal protection and due process clauses of the Fourteenth Amendment to the United States Constitution.

4.     Plaintiffs, GLENN S. SAIGER and VIRGINIA S. SAIGER, husband and wife, own one hundred percent of the stock and are the sole directors and officers of the Plaintiff corporation, and are residents of Islamorada, Village of Islands, Monroe County, Florida.

2

5.      Defendant, ISLAMORADA, VILLAGE OF ISLANDS, FLORIDA (hereinafter "the Village"), is a municipality organized and existing under the laws of the State of Florida.  Defendant, VILLAGE COUNCIL, (hereinafter "the Village Council"), is the duly constituted governing board of Islamorada, Village of Islands.

6.      Individual Defendants, HORTON and KOCONIS, are the duly appointed officials of the Village, charged with enforcing and applying the growth management laws of the Village to all properties within the municipal limits of the Village.

## THE PROPERTY

7.      Plaintiffs are the owners of real property located at 81981 Overseas Highway, Islamorada, Florida (the "Property").  The property is zoned Highway Commercial pursuant to Village's land development code and is located within the Defendants' geographical limits.  Plaintiffs operate "Island Silver and Spice," a retail store, with a street level business frontage of greater than fifty linear feet and over two thousand square feet of floor area  on the property.

## THE FORMULA RETAIL ORDINANCE

8.      On January 10, 2002, the Village enacted Ordinance No. 02-02, (hereinafter the "Ordinance" or the "Formula Retail Ordinance") which effectively prohibits "Formula Retail establishments" in any zoning district within the Village's geographical limits.  The Ordinance defines "Formula Retail" as:

> A type of retail sales activity of retail sales establishment (other than a "formula restaurant") that is required by contractual or other arrangement to maintain any of the

3

following: standardized array of services or merchandise, trademark, logo, service mark, symbol, decor, architecture, layout, uniform, or similar standardized feature. This shall not include establishments providing professional services, such as real estate offices, banks or saving and loan establishments, income tax preparation or accounting offices, or the like.

The Ordinance precludes the use of Plaintiff's property for, and the conversion of Plaintiffs' existing business to, "Formula Retail", by creating exclusionary criteria (limiting business frontage to 50 feet, and floor area to 2,000 sq. ft.). The stated purpose of the Formula Retail Ordinance, verbally expressed on a regular basis by sitting Village Council members, is to ban chain stores from the geographical limits of the Village. Thus, the primary purpose of the Ordinance is economic protection of small, single unit, locally-owned business, which is an unlawful purpose under Florida zoning law, and also an unlawful discrimination against interstate commerce in violation of the Commerce Clause of the United States Constitution. A copy of the Ordinance 02-02 is attached as Exhibit A.

9.      Both the classification of a "formula" retailer, as defined above, and the dimensional limitations applicable solely to "formula" retailers, are arbitrary because they are unrelated to any legitimate governmental purpose.

## FACTS WHICH ENTITLE PLAINTIFFS TO RELIEF

10.     On June 28, 2002, Plaintiffs entered into a contract (the "contract") to sell the Property for $2,650,000 to Whiteco Interra Ventures, LLC ("Whiteco"). Whiteco desired to purchase the Property to establish a Walgreen Drug Store ("Walgreen Store") on the

4

Property, in the same footprint as Plaintiffs' existing retail store, and Whiteco's obligation to close under the contract was conditional on Whiteco's obtention of Village permits for the Walgreen Store.

11.    Shortly thereafter, in accord with the contract, Whiteco began the lengthy process of filing an application with the Village's planning department in order to secure a building permit, and ultimately, a certificate of occupancy, for the Walgreen Store contemplated in the contract.

12.    On May 23, 2003, the proposed Walgreen Store site plan was submitted to the Village's Planning Department with a request for a "predevelopment" conference, as provided for in Section 9.5-4.1.4 of the Islamorada's Land Use Regulations.

13.    On July 21, 2003, Individual Defendant, KOCONIS, as Director of Planning, issued an administrative determination that the proposed Walgreen Store, "...is Formula Retail and therefore any development of said business would need to comply with the regulations established in Village Ordinance 02-02." (Section 6.4.1(e) of the Ordinance).  By that determination, the Director of Planning decided that the proposed Walgreen Store did not fall within the exclusion of that section for "professional service" providers, even though the majority of Walgreen's sales comes from its pharmacy services. KOCONIS' decision applied the Formula Retail Ordinance so as to prohibit the occupancy of the Island Silver & Spice premises by the Walgreen Store.

14.    On August 18, 2003, Whiteco, joined by Plaintiffs, filed, pursuant to Village Code Section 9.5-4.3.1, a timely Notice of Appeal of the adverse administrative determination of the  Director of Planning. That appeal raised two issues:

a.    The proposed Walgreen pharmacy falls within the exception in Section 6.4.1(e) of Ordinance 02-02 for "establishments providing professional services."  Pharmaceutical services offered by Walgreen are by statute, regulation and common understanding "professional services" within the scope of the exception from the definition of "Formula Retail."

b.    To the extent that the applicant is precluded by application of Ordinance 02-02 from operating a Walgreen pharmacy within the footprint of the existing "Island Silver & Spice" retail building, the  Ordinance as applied is arbitrary and irrational, and impermissibly favors Walgreen's regional competitor, Eckerd Pharmacy, all in violation of the Constitutions and laws of the United States and the State of Florida.

15.    On November 13, 2003, the administrative appeal was conducted at a properly noticed, public hearing before the Village Council, which held that, contrary to the determination of the Director of Planning, the proposed Walgreen Store was excluded from the  Formula Retail Ordinance, because Walgreen, a pharmacy, is an establishment providing "professional services" and thus fell within the exception to the formula retail prohibition.  Therefore, the appeal was granted.

16.    The November 13, 2003, decision of the Village Council, as embodied in Resolution 03-12, though duly passed, was never signed by the Village Council.

17.    Following the November 13, 2004, hearing (at which little opposition was raised), certain individuals began a letter-writing campaign opposing the Council's determination that the Walgreen Store was not subject to the Ordinance.

18.    On March 25, 2004, Council member George Geisler moved to "reconsider" Resolution 03-12, on the stated grounds that, because the November 13, 2003 vote was taken after 10:00 p.m., his "judgment was clouded." The Council approved the motion to "reconsider" the November 13, 2003 Resolution, notwithstanding the lack of any procedure in Islamorada's ordinances authorizing the Council to "reconsider" a quasi-judicial determination after adjournment of the public hearing at which the decision was made.

19.    On April 22, 2004, the Village Council not only "reconsidered" its November 13, 2003 decision, but held a second public hearing regarding the appeal, reversed itself, and denied the appeal. The Village Council vacated its ruling of November 13, 2003, finding, *inter alia*, that the Walgreen Store, although a pharmacy, was not an "establishment providing professional services" and thus didn't fall within the exception to the formula retail prohibition.

20.    Pursuant to the contingency provisions of the June 28, 2002, Purchase and Sale Contract, Whiteco exercised its option to withdraw from the purchase of Property, causing Plaintiffs to lose the

7

sale and the proceeds to which they would have been entitled under the contract. Consequently, Plaintiffs were damaged in an amount exceeding One Hundred Thousand Dollars ($100,000.00).

## THE ECKERD/CVS SALE: THE VILLAGE LOOKS THE OTHER WAY

21. Plaintiffs have learned through media reports that the assets of Eckerd Corporation (Eckerd) are being transferred to another pharmacy chain, CVS Pharmacy, Inc. (CVS).

22. The sale of Eckerd's assets includes the assets and location of the Eckerd retail store located at 82894 Overseas Highway, Islamorada, Florida, within the Defendant's geographical boundaries. Eckerd's is the only pharmacy located within the Village.

23. According to the Village's interpretation of the Ordinance, established via the denial of Plaintiffs' appeal of the decision of the Planning Director, both Eckerd and CVS are "formula retail" establishments as described by Section 6.4.1(e) of the Ordinance.

24. The sale and transfer of Eckerd's assets will result in the creation of a CVS formula retail establishment that does not currently exist within the Village's geographical boundaries.

25. On June 17, 2004, Plaintiffs sent written notice to the Village that its Formula Retail Ordinance contained no provision which would allow or provide for the sale of the assets of an existing "formula retail" business to another "formula retail" business, without the transferee complying with the requirements and restrictions of Ordinance No. 02-02, and, therefore, prohibited the creation of the

8

CVS formula retail store. A copy of the June 17, 2004 notice is attached as Exhibit B.

26. Plaintiffs' June 17, 2004 notice brought to Defendants' attention statements made by Village officials on the record at the April 22, 2004, administrative appeal proceedings, indicating that the Village had no intention of applying the Formula Retail Ordinance to the announced conversion of the Islamorada Eckerd store to a CVS store.

27. Plaintiffs further stated in their June 17, 2004 notice that the Village's refusal to apply the Formula Retail Ordinance to the conversion of the Islamorada Eckerd store to a CVS store would prove Plaintiffs' contention, as stated at the April 22, 2004, hearing that:

> [T]he Ordinance as applied is arbitrary and irrational, and impermissibly favors Walgreen's regional competitor, Eckerd's Pharmacy, all in violation of the Constitutions and laws of the United States and the State of Florida.

28. Although Plaintiffs requested that the Village confirm in writing its intention to evenly and fairly apply its Formula Retail Ordinance, Defendants have failed to respond to Plaintiffs, and continue to refuse to apply the prohibitions of its Ordinance to the creation of a CVS formula retail establishment that does not currently exist within the Village's geographical boundaries.

## COUNT I - ACTION FOR DEPRIVATION OF CIVIL RIGHTS

29. Plaintiffs adopt and reallege paragraphs 1 through 28 as fully set forth herein.

## THE APPLICATION OF THE FORMULA RETAIL ORDINANCE TO THE PROPERTY VIOLATES PLAINTIFFS' EQUAL   PROTECTION RIGHTS

30.    Defendants have denied Plaintiffs the equal protection of the law to which they are entitled under the 14th Amendment to the United States Constitution.  The "formula retail" classification, and the requirement limiting "formula retail" stores to 2,000 square feet and 50 feet of frontage, are arbitrary and not based on some difference in the classes having a substantial relationship to a legitimate object to be accomplished.  There exists no rational basis for allowing locally-owned stores to operate at any desired size, while limiting formula retail stores to an uneconomic size.   Defendants' objective in classifying retailers into "formula" and "non-formula" and in limiting the size of nationally-affiliated retail stores, is economic protectionism, not a proper legislative purpose.

31.    Further, Defendants, unless otherwise mandated by this Court, will fail to enforce the Ordinance to  CVS, allowing the creation of a formula retail establishment having the same "formula retail" characteristics as  the Walgreen Store proposed by Plaintiffs, thus discriminating against Plaintiffs and in favor of a similarly-situated member of the same class, without a rational relationship to any legitimate governmental interest.

## THE APPLICATION OF THE ORDINANCE TO THE PROPERTY VIOLATES PLAINTIFFS' DUE PROCESS RIGHTS

32.    Plaintiffs have been denied Due Process under the Fourteenth Amendment to the United States Constitution, as a

consequence of the Defendants' aforementioned conduct. Economic protectionism, which is the Defendants' goal in discriminating between "formula" and "non-formula," is not a proper legislative purpose. Due Process forbids government from singling out and punishing unpopular groups through an exercise of political power. The Formula Retail Ordinance does not serve a public interest other than economic exclusion and accordingly violates the Due Process clauses of the United States and Florida constitutions. Moreover, the creation and utilization of an ad-hoc "rehearing" procedure as aforesaid constitutes a violation of basic procedural due process.

## THE ORDINANCE VIOLATES THE PRIVILEGES OR IMMUNITIES CLAUSE OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION

33.     The Formula Retail Ordinance violates the Privileges or Immunities Clause of the Fourteenth Amendment to the United States Constitution because it interferes with Plaintiffs' rights to engage in a common occupation, without any reasonable relationship to protecting the public health, safety and welfare. *Slaughter-House Cases*, 83 U.S. (16 Wall.) 36 (1872). *See also, Saenz v. Roe*, 526 U.S. 489 (1999).

## THE ORDINANCE DISCRIMINATES ON ITS FACE OR IN PRACTICAL EFFECT AGAINST BUSINESSES ENGAGED IN INTERSTATE COMMERCE AND THEREFORE IS UNCONSTITUTIONAL

34.     The Commerce Clause prohibits states and local governments from engaging in economic protectionism. Because the Formula Retail Ordinance discriminates on its face against interstate commerce, it is "per se" invalid and must be reviewed using strict

11

scrutiny. Alternatively, even if the ordinance is not invalid on its face, the avowed purpose of the Formula Retail Ordinance is to discriminate against interstate retailers. "The mere 'incantation' of a purpose to promote public health, safety and welfare will not insulate an ordinance." *Kassel v. Consolidated Freightways Corp.*, 450 U.S. 662, 676 (1991).

THE ORDINANCE IS AN INVALID ZONING MEASURE

35.   The purpose of the Formula Retail Ordinance is to restrict business competition and, as such, is not a valid zoning or police power measure.

36.   Plaintiffs' constitutional right to make legitimate use of their Property may not be curtailed by unreasonable restrictions under the guise of police power. Plaintiffs may not be required to sacrifice their rights to use their property for a lawful purpose absent a substantial need for restrictions in the interest of public health, morals, safety or welfare. No such need exists. Accordingly, The "formula retail" zoning restrictions contained in the Ordinance are unrelated to the public welfare and should be stricken.

37.   By their unsuccessful pursuit of the administrative appeal described above and by the fruitless demand for relief described in paragraphs 25 through 28, above, Plaintiffs have exhausted their administrative remedies.

38.   Plaintiffs have retained undersigned counsel to represent them in this action, and have agreed to pay counsel a reasonable attorneys fee for their professional services herein.

12

WHEREFORE, Plaintiffs, ISLAND SILVER & SPICE, INC., GLENN S. SAIGER and VIRGINIA S. SAIGER, request this Court to enter judgment in their favor and against Defendants, ISLAMORADA, VILLAGE OF ISLANDS, AND VILLAGE COUNCIL ISLAMORADA, VILLAGE OF ISLANDS for:

a.  damages sustained as a result of Defendant's violation of Plaintiff's rights under the U.S. Constitution;

b.  attorneys' fees under 42 U.S.C. Section 1988;

c.  court costs and expenses;

d.  an order declaring that the Village's Formula Retail Ordinance is unconstitutional and that it be stricken for the Village Code of Ordinances; and

e.  such other relief as this Court deems appropriate.

## COUNT II- DECLARATORY RELIEF

39.  Plaintiffs adopt and reallege the facts alleged in paragraphs 1 through 28 and paragraphs 31 through 38 as if fully set forth herein.

40.  An actual controversy has arisen and now exists between Plaintiffs and Defendants relating to their respective rights and duties under the Ordinance.

41.  Plaintiffs contend that the Formula Retail Ordinance is invalid and fails to comply with the requirements of law, both facially and as applied to the Property, as is more particularly recited above.

42.  Defendants' enactment and enforcement of the Ordinance unfairly singles out Plaintiffs to bear the burden of government action,

13

in violation of the Equal Protection Clause as set forth in the Fourteenth Amendment of the United States Constitution, and violates Plaintiffs' procedural and substantive due process rights in violation of the Fifth and Fourteenth Amendments of the United States Constitution.

43.    Defendants dispute Plaintiffs' contentions and contend that the Ordinance, and its interpretation and application thereof to the Property, are proper and in compliance with the law.

44.    A judicial determination is necessary and appropriate at this time so that Plaintiffs and Defendants may ascertain their respective rights and duties.

45.    There is a bona fide, actual, present, and practical need for this declaratory judgment by the Court.

46.    Plaintiffs' property rights are dependent upon this Court's determination of the controversy between the parties.

47.    The parties have an actual, present, adverse, hostile and antagonistic interest in the subject matter of this action.

48.    All conditions precedent to the bringing of this action have been met, and the parties necessary to the proper determination of this controversy are before the court.

49.    Plaintiffs have no adequate remedy other than this action in order to avoid the improper application of the Formula Retail Ordinance to them and to their Property.

14

WHEREFORE, Plaintiffs, ISLAND SILVER & SPICE, INC., a Florida corporation and GLENN S. SAIGER and VIRGINIA S. SAIGER, husband and wife, request that the Court:

a.    Declare the Formula Retail Ordinance, on its face and as applied to the Property by Defendants, violative of rights secured to Plaintiffs under the U.S. and Florida constitutions.

b.    Grant Plaintiffs such other and further relief as may be needed to effectuate this Court's declaration of rights or which the court otherwise considers just and proper.

## COUNT III - DECLARATORY JUDGMENT

50.    Plaintiffs adopt and reallege paragraphs 1 through 28 and paragraphs 31, 37 and 38, all as if fully set forth herein.

51.    Plaintiffs are in doubt as to the existence of a duty by Defendants to apply the Ordinance to the announced conversion of the Islamorada Eckerd store to a CVS store, and whether the Ordinance either prohibits that conversion or limits the new CVS formula retail store to 2,000 sq. ft. and a frontage of 50 feet.

52.    The Ordinance has been applied by Defendants to prevent conversion of Plaintiffs' retail store to a Walgreen pharmacy, comparable to the proposed CVS store. Plaintiffs are entitled to the equal and even-handed application of the Ordinance.

53.    Unless Defendants are required strictly to apply the Formula Retail Ordinance to CVS, as Defendants did to Walgreen, Plaintiffs will be deprived of the equal protection of the law.

15

54.    There is a bona fide, actual, present, and practical need for this declaratory judgment by the Court.

55.    The parties hereto have an actual, present, adverse, hostile and antagonistic interest in the subject matter of this action.

56.    All conditions precedent to the bringing of this action have been met, and the parties necessary to the proper determination of this controversy are before the court.

57.    Plaintiffs have no adequate remedy other than this action in order to avoid Defendants' unlawful discriminatory application of the Ordinance to similarly-situated persons.

WHEREFORE, Plaintiffs, ISLAND SILVER & SPICE, INC., a Florida corporation and GLENN S. SAIGER and VIRGINIA S. SAIGER, husband and wife, respectfully request that this Court:

a.    Declare that the Ordinance contains no exception for the conversion of an existing "formula retail" business to another "formula retail" business, and that such conversion requires both submission and approval of a Major Conditional Use application, and compliance with the dimensional limitations applicable to "Formula Retail".

b.    Declare that Defendants must apply the Ordinance to any conversion of the Islamorada Eckerd store to another Formula Retail store.

c.    Grant Plaintiffs such other and further relief as may be needed to effectuate this Court's declaration of rights or which the court otherwise considers just and proper.

16

## COUNT IV - WRIT OF MANDAMUS

58.   Plaintiffs adopt and reallege the allegations in paragraphs 1 through 28 and paragraphs 31, 37 and 38 as if fully set forth herein.

59.   Defendants failed and refused after demand to apply the criteria and prohibitions of the Ordinance to the creation of a CVS formula retail establishment, a retail pharmacy that has the same characteristics as the Walgreen Store that was determined to be "formula retail."  Such disparate treatment of similarly situated persons constitutes a  violation of the Equal Protection Clause as set forth in Article I, Section 2 of the Florida Constitution and the Fourteenth Amendment of the United States Constitution.

60.   Defendants have refused and continue to refuse to apply the prohibitions of the Formula Retail Ordinance to the creation of a CVS formula retail establishment that does not currently exist within the Village's geographical boundaries.

61.   The application of the Formula Retail Ordinance by the Individual Defendants is a ministerial act which can properly be compelled by a Writ of Mandamus.

62.   Individual Defendants, as the duly-authorized officers of a political subdivision of the State of Florida, have a clear legal duty to apply the prohibitions of the Ordinance to the creation of a CVS formula retail establishment that does not currently exist within the Village's geographical boundaries.

63.   Plaintiffs are entitled, as a matter of law, to a Writ of Mandamus compelling the Individual Defendants to apply the criteria

17

and prohibitions of the Ordinance to the creation of a CVS formula retail establishment that does not currently exist within the Village's geographical boundaries, to the same extent and degree as they applied those prohibitions and criteria to the Walgreen Store proposed by Plaintiffs.

WHEREFORE, Plaintiffs, ISLAND SILVER & SPICE, INC., a Florida corporation and GLENN S. SAIGER and VIRGINIA S. SAIGER, husband and wife request that this Court:

a.    Issue an alternative Writ of Mandamus ordering and compelling the Individual Defendants to apply the prohibitions of the Formula Retail Ordinance to the creation of a CVS formula retail establishment that does not currently exist within the Village's geographical boundaries, and for any and all such other relief as this Court deems appropriate.

b.    Grant Plaintiffs such other and further relief as the Court considers just and proper.

## COUNT V - REQUEST FOR INJUNCTIVE RELIEF

64.    Plaintiffs adopt and reallege the allegations in paragraphs 1 through 28, 37 and 38 as if fully set forth herein.

65.    This is an action for injunctive relief within the subject matter jurisdiction of this Court. The value of the property in controversy exceeds $100,000.00, exclusive of costs, interest, and attorneys' fees.

18

66. The Formula Retail Ordinance is an unconstitutional burden on interstate commerce and unconstitutionally restrains Plaintiffs' exercise of commercial free speech.

67. The Formula Retail Ordinance discriminates on its face and in practical effect against business engaged in interstate commerce, and therefore is unconstitutional.

68. The Formula Retail Ordinance prohibits the entry of a Walgreen Store into the Islamorada retail pharmacy business. The practical effect of the application of the Formula Retail Ordinance to Plaintiffs' request for approval of a Walgreen Store has been discrimination against national pharmacy chains. Under the Ordinance, a local store whose employees wear clothing that lacks the uniform characteristics that the Village finds objectionable, escapes the regulatory burden that the Village has cast on employers whose employees wear recognizable uniforms.

69. The burden imposed by the Ordinance on interstate commerce is not outweighed by local benefits and therefore the Formula Retail Ordinance violates the dormant commerce clause.

70. An injunction forbidding the Defendants from interfering with the lawful use of the Plaintiffs' property would be in the public interest. The public perception that an individual could be deprived of his right to sell or use his or her property and of his right to commercial free speech without due process or without remedy at law would result in confusion, disorder and injury to the public outweighing any individual right to relief.

19

71.   The Plaintiffs have a clear legal right to an injunction against Defendants forbidding the Defendants from applying the Formula Retail Ordinance to Plaintiffs' Property.

72.   No bond, or in the alternative, a minimum bond should be required of the Plaintiffs because of the following:

a.   Defendants have no financial interest whatsoever in whether or not the Formula Retail Ordinance prohibits the use or sale of Plaintiffs' property since the property will be a part of the Village's tax base in any case; and

b.   Defendants will suffer no pecuniary damages whether or not the Formula Retail Ordinance prohibits the use or sale of Plaintiffs' property since the property will be a part of the Village's tax base in any case.

WHEREFORE, Plaintiffs, ISLAND SILVER & SPICE, INC., a Florida corporation and GLENN S. SAIGER and VIRGINIA S. SAIGER, request entry of a permanent injunction forbidding the Defendants from enforcement of the Formula Retail Ordinance, and for such other and further relief as the Court deems just and proper.

JAMES T. HENDRICK, ESQUIRE
Morgan & Hendrick
Co-counsel for Plaintiffs
317 Whitehead Street
Key West, Florida 33040
(305) 296-5676
Florida Bar No. 153679

JOHN A. JABRO, ESQUIRE
Co-counsel for Plaintiffs
90311 Overseas Highway,
Suite B
Tavernier, Florida 330370
(305) 852-9233
Florida Bar No. 364452

20

MAGISTRATE JUDGE
O'SULLIVAN

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS** Island Silver & Spice, Inn. and Glenn S. Saiger and Virginia Saiger, husband and Wife

**DEFENDANTS** Islamorada, Village of Islands, Village Council, Islamorada et al.

CIV - KING

04-10097   NIGHT BOX
FILED

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF Monroe
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT Monroe
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
John A. Jabro, Esq.
90311 Overseas Hwy
Tavernier, FL 33070

OCT - 8 2004

CLARENCE MADDOX
CLERK, USDC/SDFL/KEY WEST

ATTORNEYS (IF KNOWN) Harriett R. Lewis
Weiss Serota Helfman, et al
3107 Stirling Rd., Ste. 300
Ft. Lauderdale, FL 33312

**(d)** CIRCLE COUNTY WHERE ACTION AROSE: DADE, (MONROE,) BROWARD, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE HIGHLANDS

## II. BASIS OF JURISDICTION (PLACE AN X IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

4:04 CV 10097 King  O'Sullivan

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX FOR PLAINTIFF
(For Diversity Cases Only)                          AND ONE BOX FOR DEFENDANT)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | X 1 | X 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — Med Malpractice | B☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | B☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | B☐ 630 Liquor Laws | **A PROPERTY RIGHTS** | B☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | | B☐ 640 R R & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | B☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| B☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | B☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| B☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | B☐ 690 Other | **B SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **A LABOR** | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | B☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| B☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | B☐ 530 General | ☐ 791 Empl. Ret. Inc Security Act | A☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | B☐ 535 Death Penalty | | A☐ 871 IRS — Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | B☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions A OR B |
| X 290 All Other Real Property | | B☐ 550 Civil Rights | | | |
| | | B☐ 555 Prison Condition | | | |

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

LENGTH OF TRIAL
via ____ days estimated (for both sides to try entire case)

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ YES ☒ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):

JUDGE ____   DOCKET NUMBER ____

DATE 10/8/04

SIGNATURE OF ATTORNEY OF RECORD Harriett Lewis

**FOR OFFICE USE ONLY**

RECEIPT # ____   AMOUNT 150 ____   APPLYING IFP ____   JUDGE ____   MAG. JUDGE ____

533182